UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE NASHAQUISSET COOPERATIVE, INC., <br><br> Plaintiff, <br><br> v. <br><br> MIKI PICINICH and SUZANNE DEL ROSSI, individually and doing business as MY NASHAQUISSET, MIKI'S NASHAQUISSET RENTALS and/or MY NASHAQUISSET RENTALS, <br><br> Defendants. | Civil Action No. 16-CV-11588 <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff The Nashaquisset Cooperative, Inc. (the "Cooperative"), by its undersigned attorneys, for its Complaint against defendants Elena "Miki" Picinich and Suzanne Del Rossi, individually and doing business as My Nashaquisset, Miki's Nashaquisset Rentals, and/or My Nashaquisset Rentals (collectively, "Defendants"), alleges as follows:

## NATURE OF THIS ACTION

1. The Cooperative seeks preliminary and permanent injunctive relief and damages for trademark infringement, unfair competition, false designation of origin and other unlawful acts of Defendants, all in violation of the laws of the United States and the Commonwealth of Massachusetts.

## PARTIES

2. The Cooperative is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business at 345 Massasoit Road, North Easton, Massachusetts.

3. Upon information and belief, defendant Miki Fiegel Picinich is an individual residing at 800 West End Avenue, New York, New York. Ms. Picinich also owns a home at 31 Autopscot Circle, Nantucket, Massachusetts, which is part of the Nashaquisset community.

4. Upon information and belief, defendant Suzanne Del Rossi is an individual residing at 176 South Street, Unit A, Hingham, Massachusetts.

5. Upon information and belief, Ms. Fiegel Picinich and Ms. Del Rossi do business as My Nashaquisset, My Nashaquisset Rentals and/or Miki's Nashaquisset Rentals, with a mailing address of 800 West End Avenue, New York, New York 10025.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because the Cooperative's claims arise under the trademark laws of the United States.

7. This Court has jurisdiction over the state law and common law claims pursuant to 28 U.S.C. § 1367. The state and common law claims arise from or are substantially related to the same acts giving rise to the federal claims.

8. This Court has personal jurisdiction over Defendants pursuant to Massachusetts General Laws c. 223A, § 3, because Defendants are doing business in the Commonwealth of Massachusetts and the claims arise from Defendants' tortious acts in the Commonwealth of Massachusetts.

9. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this district due to their transacting of business herein and/or because a substantial portion of the events at issue have occurred in this judicial district.

2

ME1 22945622v.1

**FACTUAL BACKGROUND**

**History and Reputation of Nashaquisset**

10. In 1987, developers broke ground on a residential development located in Nantucket, Massachusetts. The founders created the fanciful name "Nashaquisset" for this community to recognize the Native American traditions on Nantucket Island. The word "Nashaquisset" has no meaning.

11. The Cooperative was formed in 1988 to develop, regulate, maintain, and promote the Nashaquisset community ("Nashaquisset"), which includes buying, owning, selling and leasing real estate for Nashaquisset (the "Cooperative's Services").

12. The Cooperative has been offering the Cooperative's Services under the marks NASHAQUISSET and *Nashaquisset* since at least as early as 1988.

13. In 1997, the Cooperative entered into a management contract with CEA Management Agency ("CEA"). The Cooperative and CEA also entered into an agreement under which CEA would operate a central rental agency under the name Nashaquisset. In fact, the CEA rental agency was known as the Nashaquisset Rental Agency.

14. In 2014, the Cooperative terminated its relationship with CEA.

15. In May 2014, the Cooperative and J Pepper Frazier Co. ("Frazier") entered into a Memorandum of Understanding ("MOU"). Pursuant to the MOU, the Cooperative granted Frazier the right and license to use the NASHAQUISSET name and logo for purposes of promoting rentals of home by Cooperative members. The Cooperative also named Frazier as the preferred rental agency for the Cooperative. Frazier is also the only rental agency authorized to operate on-site.

3

16. Neither the Nashaquisset homeowners, nor any other rental agency that rents homes in the Nashaquisset community, other than Frazier, has permission to use the Nashaquisset name or logo as a trademark.

17. The Nashaquisset community has earned a stellar reputation over its decades of existence. Statistics confirm that the length of time between the date of listing for Nashaquisset properties and the date of their sale is among the shortest on Nantucket Island.

18. Additionally, the community has earned several awards for its character and design. For example:

- It won the Builder's Choice Awards for Best Community Design and Best Single Family Home Design. Nashaquisset was the only community in the country to receive two awards in this very prestigious competition.

- It won the Best in American Living Award, presented by the National Association of Home Builders.

- It won the 2014 FIRM Gold and Silver Awards for outstanding design and furnishing.

- It won the Grand Award for Project of the Year, and the Gold Award for Best Single Family Home Furnishing at the Massachusetts PRISM Awards.

19. The community also receives outstanding reviews from consumers who own and rent vacation homes in Nashaquisset. The reviews recognize the high standard of service and community maintenance, as well as the quality family-friendly atmosphere of the community.

20. The Nashaquisset community has additionally been featured in numerous third party press articles as a popular vacation home destination.

**Use and Promotion of the NASHAQUISSET Mark**

21. The Cooperative has been granted Massachusetts Trademark Registration No. 82184 for the mark *Nashaquisset* (the "NASHAQUISSET Mark"), which covers "a housing

4

cooperative established to buy, own, sell, and lease real estate" and states a date of first use in business of October 3, 1988. A true and correct copy of the Certificate of Registration for the NASHAQUISSET Mark is attached hereto as Exhibit A.

22. The registration for the NASHAQUISSET Mark is valid and subsisting.

23. For nearly three decades, the Cooperative and its licensees have invested significant resources into the development of the community and into promoting the rental of its vacation homes.

24. For example, houses in the Nashaquisset community are marketed and promoted as desirable vacation homes in various trade channels, including the Cooperative's website at Nashaquisset.com, the Frazier website at jfpco.com, and publications such as the *Harvard Review*, *Nantucket Today Magazine*, and the *Inquirer and Mirror Newspaper*.

25. Additionally, Frazier maintains on-site staff to serve the owners and renters and promote the community to support the quality of the rental services. Frazier spends significant labor hours in reaching out personally to past renters in the Nashaquisset community via email, letter, or phone.

26. As a result of these efforts, Nashaquisset rental homes are promoted to the general public. Renters come from various geographic areas across the United States and internationally.

27. As a result of the long and continuous sale and promotion throughout the United States of services offered in connection with the NASHAQUISSET Mark, consumers of services provided by the Cooperative have come to associate the NASHAQUISSET Mark as signifying high quality services originating from the Cooperative.

28. The Cooperative has built a valuable reputation and substantial goodwill with which the NASHAQUISSET Mark has become synonymous.

**Defendants' Improper Conduct**

29. Ms. Picinich is a real estate broker in New York who has owned a home in Nashaquisset for approximately five to seven years.

30. Ms. Del Rossi formerly worked at Nashaquisset Rental Agency, aka CEA.

31. In or about 2014 the Cooperative terminated the rental services agreement with the Nashaquisset Rental Agency and replaced the Nashaquisset Rental Agency with Frazier as the Cooperative's preferred rental agency. As part of this transition, Frazier entered into a Transition Agreement with the Nashaquisset Rental Agency and Ms. Del Rossi whereby the Nashaquisset Rental Agency and Ms. Del Rossi agreed not to solicit, rent, broker, or sell Nashaquisset homes (except for two specifically identified homes) for a period of one year.

32. On information and belief, in or around late 2015 Ms. Picinich and Ms. Del Rossi formed their own rental agency called MY NASHAQUISSET and/or MY NASHAQUISSET RENTALS. On information and belief, Defendants changed the name of the rental agency to MIKI'S NASHAQUISSET RENTALS within the past several weeks. The names MY NASHAQUISSET, MY NASHAQUISSET RENTALS and MIKI'S NASHAQUISSET RENTALS shall be collectively referred to herein as "the Infringing Marks."

33. Defendants actively promote the Infringing Marks through the Internet and social media sites, including Facebook and LinkedIn. Upon information and belief, Defendants formerly controlled and operated the Facebook page MY NASHAQUISSET RENTALS and associated Facebook handle, @MYNASHAQUISSETRENTALS, and currently control and operate the Facebook page MIKI'S NASHAQUISSET RENTALS and associated Facebook handle @MIKISNASHAQUISSETRENTALS.

ME1 22945622v.1

34. On information and belief, one or both of Defendants has also improperly registered the domain name <mynashaquisset.com> (the "Infringing Domain Name") with the registrar GoDaddy.com.

35. Upon information and belief, Defendants registered the Infringing Domain Name with the bad-faith intent to profit from the value of the NASHAQUISSET Mark.

36. Upon information and belief, Defendants are improperly using the Infringing Marks to promote Defendants' real estate services, which are closely related, if not identical, to the Cooperative's Services.

37. Defendants are infringing the NASHAQUISSET Mark through their use of the Infringing Marks and their registration of the Infringing Domain Name and are competing unfairly with the Cooperative.

38. Defendants' first use of the Infringing Marks and its registration of the Infringing Domain Name occurred decades after the Cooperative's first use of the NASHAQUISSET Mark.

39. Upon information and belief, Defendants have engaged in intentional infringement and unfair competition by adopting the Infringing Marks and registering the Infringing Domain Name, both of which are confusingly similar to the NASHAQUISSET Mark.

40. Defendants' continued use of the Infringing Marks in connection with its efforts to market and promote Defendants' Infringing Services is likely to cause and has caused confusion, mistake and deception among purchasers such that purchasers of Defendants' rental agency services are likely to be confused and have been confused as to the existence of an association, connection or relationship between the Cooperative and Defendants.

ME1 22945622v.1

41. Upon information and belief, Defendants have acted with full knowledge of the Cooperative's prior ownership and use of the NASHAQUISSET Mark. Defendants have acted without the Cooperative's authorization or consent.

42. Furthermore, Defendants are on notice of the present infringement. The Cooperative has repeatedly demanded that Defendants cease using the NASHAQUISSET Mark. Defendants have refused to comply with the Cooperative's demands.

43. Upon information and belief, Defendants have acted willfully, in bad faith and with the intent to confuse and mislead the public and unfairly trade on the substantial and valuable goodwill encompassed in the NASHAQUISSET Mark to capitalize on the Cooperative and it's licensee's highly respected reputation as a provider of high quality rental agency services.

44. The Cooperative is in need of preliminary and permanent injunctive relief to bring an end to the irreparable harm caused by Defendants' wrongful conduct. Without an injunction, Defendants undoubtedly will continue to use the Infringing Marks and Infringing Domain Name and engage in the acts of unfair competition complained of herein, thereby causing additional confusion in the marketplace and further harm to the Cooperative.

## COUNT I
**Trademark Infringement and False Designation of Origin (15 U.S.C. § 1125(a))**

45. The Cooperative repeats and re-alleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

46. The Cooperative is the senior user of the mark NASHAQUISSET.

47. By the acts and omissions set forth above, Defendants have infringed and continue to infringe the Cooperative's rights in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 43(a). Defendants' conduct is likely to cause confusion, mistake and deception among

the general purchasing public. Defendants' conduct has interfered with and will continue to interfere with the Cooperative's ability to use the NASHAQUISSET Mark to indicate a single quality controlled source of services. Defendants' acts as alleged herein also constitute false designation of origin, unfair competition, and false advertising in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

48. The Cooperative has suffered, is suffering and will continue to suffer irreparable injury for which the Cooperative has no adequate remedy at law. The Cooperative is therefore entitled to preliminary and permanent injunctive relief against Defendants' further infringing conduct.

49. Defendants have profited and are profiting from such infringement, and the Cooperative has been and is being damaged by such infringement. The Cooperative is thus entitled to recover damages from Defendants in an amount to be proved at trial as a consequence of Defendants' infringing activities.

50. Defendants' wrongful conduct has been willful, wanton and malicious, and done with an intent to deceive. The Cooperative is therefore entitled to an award of its reasonably attorneys' fees and costs, and treble its actual damages.

## COUNT II
## Cybersquatting

51. The Cooperative repeats and re-alleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

52. Defendants' registration of and expected continued control over the Infringing Domain Name constitutes a violation of the Anticybersquatting Consumer Protection Act of 1999. Defendants unlawfully registered and misappropriated the Infringing Domain Name,

which incorporates in part the NASHAQUISSET Mark, with a bad faith intent to profit from the NASHAQUISSET Mark.

53. Defendants' aforesaid acts have caused and will cause irreparable injury to the Cooperative. Unless such acts are restrained by this Court, Defendants' wrongful conduct will continue, and the Cooperative will continue to suffer such injury.

54. The Cooperative is entitled to have Defendants preliminarily and permanently restrained from using, selling or otherwise transferring the Infringing Domain Name, and to have Defendants' registration for the Infringing Domain Name cancelled and transferred to the Cooperative immediately, along with monetary compensation and statutory penalties.

## COUNT III
### Trademark Infringement Under M.G.L. c. 110H

55. The Cooperative repeats and re-alleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

56. Defendants' use of the Infringing Marks has caused or is likely to cause consumers and potential consumers to be confused, mistaken and deceived as to the source, origin, sponsorship or approval of the Cooperative's services.

57. The above-described actions constitute trademark infringement in violation of M.G.L. c. 110H, § 12.

58. Defendants' use of the Infringing Marks has caused and is causing irreparable injury to the Cooperative, for which the Cooperative has no adequate remedy at law, and will continue to do so unless Defendants' use is enjoined by this Court.

59. Defendants' conduct has been and is intentional, willful, wanton, reckless and in total disregard of the Cooperative's rights in that Defendants infringed and continue to infringe the NASHAQUISSET Mark (i) with full knowledge that the Cooperative owns and/or its

licensee have the exclusive right to use the NASHAQUISSET Mark, (ii) with the intention of causing a likelihood of confusion and mistake and to deceive, and (iii) with the intention of unfairly competing with the Cooperative.

60. By reason of the foregoing, the Cooperative has suffered, is suffering and will continue to suffer monetary damages and loss of goodwill.

61. Defendants' acts of infringement also have caused the Cooperative irreparable, ongoing injury of a nature that may not be compensable by monetary damages alone, and Nashaquisset is therefore entitled to injunctive relief.

## COUNT IV
### Trademark Infringement Under Massachusetts Common Law

62. The Cooperative repeats and re-alleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

63. Defendants are engaged in trade and commerce in the Commonwealth of Massachusetts.

64. Defendants' use of the Infringing Marks in connection with services that are identical and/or closely related to the services provided by the Cooperative is likely to cause confusion or to cause mistake or to deceive consumers or potential consumers in violation of Massachusetts common law.

65. Defendants' use of the Infringing Marks has caused and is causing irreparable injury to the Cooperative, for which the Cooperative has no adequate remedy at law, and will continue to do so unless Defendants' use is enjoined by this Court.

66. Defendants' conduct as described above has been willful, wanton, reckless and in total disregard of the Cooperative's rights.

67. By reason of the foregoing, the Cooperative has suffered and will continue to suffer monetary damages and harm to its trademark, reputation and goodwill.

## COUNT V
## Unfair Competition Under Massachusetts Common Law

68. The Cooperative repeats and re-alleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

69. The Cooperative and Defendants are both engaged in trade and commerce in the Commonwealth of Massachusetts.

70. Defendants' use of the Infringing Marks in connection with services that are identical and/or closely related to the services provided by the Cooperative constitute unfair competition in violation of Massachusetts common law.

71. Defendants' use of the Infringing Marks has caused and is causing irreparable injury to the Cooperative, for which the Cooperative has no adequate remedy at law, and will continue to do so unless Defendants' use is enjoined by this Court.

72. Defendants' infringing use of the NASHAQUISSET Mark has been willful, wanton, reckless and in total disregard of the Cooperative's rights.

73. By reason of the foregoing, the Cooperative has suffered and will continue to suffer monetary damages and harm to its trademark, reputation and goodwill.

## COUNT VI
## Unfair Methods of Competition and Deceptive Practices Under M.G.L. c. 93A

74. The Cooperative repeats and re-alleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

75. Defendants are at all relevant times engaged in commerce in Massachusetts.

76. Defendants' unfair and deceptive acts and practices occurred primarily and substantially in Massachusetts.

77. Defendants' infringing use of the NASHAQUISSET Mark has been willful, wanton, reckless and in total disregard of the Cooperative's rights.

78. Defendants' acts as described herein constitute unfair and deceptive acts and practices in violation of Massachusetts General Laws, Chapter 93A.

79. Such conduct by Defendants has caused and will continue to cause irreparable injury to the Cooperative, for which the Cooperative has no adequate remedy at law.

80. Such conduct by Defendants has caused and will continue to cause damage to the Cooperative.

81. The Cooperative has been harmed and is entitled to damages and relief as set forth in Chapter 93A.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff The Nashaquisset Cooperative, Inc. prays that this Court enter judgment against Defendants Miki Picinich and Suzanne Del Rossi, individually and doing business as MY NASHAQUISSET, MY NASHAQUISSET RENTALS, and/or MIKI'S NASHAQUISSET RENTALS, and in its favor on each and every claim for relief set forth above and award it relief as follows:

A. That Defendants, their agents, servants, employees and all persons acting for, with, by, through or under them be permanently enjoined and restrained:

(1) From using in any manner the NASHAQUISSET Mark, or any other mark which so resembles the NASHAQUISSET Mark as to be likely to cause confusion, deception, or mistake on or in connection with the advertising, offering for sale or sale of any service not emanating from the Cooperative, or not authorized by the Cooperative to be sold in connection with the NASHAQUISSET Mark;

13

(2) From passing off, inducing or enabling others to sell or pass off any product or service and as for services produced by the Cooperative and/or its licensees or designees, where such services are not produced under the control and supervision of the Cooperative and approved by the Cooperative for sale under the NASHAQUISSET Mark;

(3) From committing any acts calculated to cause purchasers to believe that Defendants' services are those sold under the control and supervision of the Cooperative, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of the Cooperative;

(4) From further infringing the NASHAQUISSET Mark and damaging the Cooperative's goodwill;

(5) From utilizing the Infringing Domain Name and registering, trafficking in, or using any additional domain name(s) that use or incorporate any of the NASHAQUISSET Mark, or any colorable imitation thereof;

(6) From operating the Infringing Website;

(7) From otherwise competing unfairly with the Cooperative in any manner;

(8) That Defendants be required to deliver to the Cooperative any and all collateral advertising material, price lists, labels, signs, prints, advertising matter, promotional, and other materials in the possession of Defendants or under their control bearing the NASHAQUISSET Mark, alone or in combination with any other words, or used in connection with the advertising, offering for sale or sale of products not emanating from the

              Cooperative, or not made under the authorization and control of the Cooperative; and

      (9)    That Defendants transfer the Infringing Domain Name, the Facebook account and any other social media handles they operate or control to the Cooperative.

B.    That Defendants, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon the Cooperative a written report under oath signed by Defendants setting forth in detail the manner in which Defendants have complied with paragraphs A(1)-(9), *supra*;

C.    That the domain registry and/or the individual registrar holding or listing the Infringing Domain Name shall disable and/or continue to disable these domain names, through a registry hold or otherwise, and make them inactive and untransferable;

D.    That the registrar of the Infringing Domain Name, GoDaddy.com, cooperate with a registrar to be appointed by the Cooperative to re-register the Infringing Domain Name in the Cooperative's name and under the Cooperative's ownership;

E.    That Defendants account for and pay over to the Cooperative all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and, that the amount of damages for infringement of the NASHAQUISSET Mark be increased by a sum not exceeding three times the amount thereof as provided by law;

F. That the Cooperative be awarded its costs and attorneys' fees incurred in this action, prejudgment interest, and such other interest as may be allowed by law on all sums awarded;

G. Order multiple damages for willful infringement as contemplated by Mass. Gen. Laws, Chapter 93A; and

H. That the Cooperative be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff The Nashaquisset Cooperative, Inc. demands a trial by jury for all triable issues of all claims alleged by this complaint.

Dated: Boston, Massachusetts
August 3, 2016

        McCARTER & ENGLISH, LLP

        By: /s/ David Himelfarb
          David Himelfarb, BBO # 649596
          Lori J. Shyavitz, BBO # 650172
          Amy J. Tindell, BBO # 672624
         Attorneys for Plaintiff
         The Nashaquisset Cooperative, Inc.
         265 Franklin Street
         Boston, Massachusetts  02110
         Tel.: (617) 449-6500
         Fax:  (617) 449-9200
         dhimelfarb@mccarter.com
         lshyavitz@mccarter.com
         atindell@mccarter.com